CLD-213                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1060
_____

JAMES MCINTOSH, a/k/a Karim Bey

v.

J. T. SHARTLE

James McIntosh,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 12-cv-02240)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 10, 2013)
_____

OPINION
_____

PER CURIAM

In March 1998, James McIntosh was sentenced as a career offender to 322 months in prison after being convicted of robbery and a firearm charge. We affirmed his conviction on appeal but remanded for resentencing. McIntosh was again sentenced to 322 months as a career offender and appealed. We affirmed his sentence. In 2004, McIntosh filed an unsuccessful motion pursuant to 28 U.S.C. § 2255. Most recently, McIntosh filed a petition pursuant to 28 U.S.C. § 2241. The District Court granted the Appellee's motion to dismiss the § 2241 petition for lack of jurisdiction, and McIntosh filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). In his § 2241 petition, McIntosh argued that he was actually innocent of being a career offender. He contended that under Begay v. United States, 553 U.S. 137 (2008), his state court conviction for simple assault did not qualify as a predicate offense for career offender status, as it was not a crime of violence.

Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." Cradle, 290 F.3d at 538. We have explained:

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not

2

> grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Id. at 538-39 (citations omitted). McIntosh has not shown that a § 2255 motion would be inadequate or ineffective. He argues that our decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), allows him to proceed via § 2241 because he did not have an earlier opportunity to raise this claim. In Dorsainvil, we held that a defendant may proceed via § 2241 when a subsequent statutory interpretation renders the defendant's conduct no longer criminal. Id. at 251. Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241. See Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002) (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal).

Moreover, even if McIntosh were able to raise this claim via a § 2241 petition, it would be without merit. As noted by the District Court, we have already determined that McIntosh's 1984 simple assault conviction qualifies as a crime of violence. In 2009, McIntosh filed a motion to recall the mandate in his direct criminal appeal. See United States v. McIntosh, C.A. No. 99-1678. We denied the motion because McIntosh had pleaded guilty to "intentionally, knowingly and recklessly causing bodily injury to

3

others." Thus, his simple assault conviction involved purposeful conduct and was still a crime of violence. See United States v. Johnson, 587 F.3d 203, 212 (3d Cir. 2009).

For the above reasons, we will summarily affirm the District Court's judgment.